UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Appeal Nos. 2015-1049, -1050

**NUVASIVE, INC.,**

Appellant,

**v.**

**WARSAW ORTHOPEDIC, INC.,**

Cross-Appellant.

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in No. IPR2013-00206.

Appeal No. 2015-1058

**WARSAW ORTHOPEDIC, INC.,**

Appellant,

**v.**

**NUVASIVE, INC.,**

Appellee.

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in No. IPR2013-00208.

**CORRECTED BRIEF FOR INTERVENOR – DIRECTOR OF
THE UNITED STATES PATENT AND TRADEMARK OFFICE**

THOMAS W. KRAUSE
Acting Solicitor
SCOTT C. WEIDENFELLER
Acting Deputy Solicitor
MONICA B. LATEEF
STACY B. MARGOLIES
Office of the Solicitor – Mail Stop 8
USPTO – P.O. Box 1450
Alexandria, VA 22313-1450
571-272-9035

*Attorneys for the Director of the
United States Patent and
Trademark Office*

July 14, 2015

## RELEVANT STATUTORY PROVISIONS

35 U.S.C. § 314(d) provides that:

> **(d) No Appeal. -** The determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable.

35 U.S.C. § 316, in pertinent part, states:

> **(a) Regulations. -** The Director shall prescribe regulations –
> * * *
> (2) setting forth the standards for the showing of sufficient grounds to institute a review under section 314(a);
> * * *
> (4) establishing and governing inter partes review under this chapter . . . . ;
> * * *
> (11) requiring that the final determination in an inter partes review be issued not later than 1 year after the date on which the Director notices the institution of a review under this chapter . . . .
> * * *
> **(b) Considerations**. **-** In prescribing regulations under this section, the Director shall consider the effect of any such regulation on the economy, the integrity of the patent system, the efficient administration of the Office, and the ability of the Office to timely complete proceedings instituted under this chapter.

35 U.S.C. § 325(d), in pertinent part, states:

> **(d) Multiple Proceedings. - . . .** In determining whether to institute or order a proceeding under this chapter, chapter 30 or chapter 31, the Director may take into account whether, and reject the petition or request because, the same or substantially the same prior art or arguments previously were presented to the Office**.**

# TABLE OF CONTENTS

I.    Statement of Jurisdiction ...................................................................1

II.   Statement of the Issues ....................................................................1

III.  Statement of the Case ......................................................................3

    A. Introduction .................................................................................3

    B. Statutory And Regulatory Background ...................................4

    C. Proceedings Before The Board .................................................7

        1.  The Board's Decision To Institute IPR2013-00206 .....................7

        2.  The Board's Final Written Decision In IPR2013-00206 ..............8

        3.  The Board's Rehearing Decision In IPR2013-00206 ...................9

IV.   Summary of the Argument ..........................................................9

V.    Argument ........................................................................................11

    A. Standard of Review .....................................................................11

    B. The Board's Decision To Institute Is Nonappealable
       And Cannot Be Reviewed By This Court .............................12

        1.  This Court Lacks Jurisdiction To Review The Board's
           Decision To Institute IPR2013-00206 On A Subset Of
           Grounds Presented In A Petition.....................................12

        2.  This Court Lacks Jurisdiction To Review The Board's
           Decision Not To Institute IPR On Grounds Of
           Unpatentability That NuVasive Chose Not To Propose ...............17

        3.  If This Court Reaches The Issue, The Board Did Not Abuse
           Its Discretion When It Instituted On A Subset Of Grounds
           Proposed In NuVasive's Petition ...................................20

a.  Under Chapter 31, The Director Has Complete
    Discretion To Deny Institution .................................................21

b.  The USPTO Promulgated Regulations Retaining
    Maximum Discretion To Deny A Subset of Grounds
    Of Unpatentability When Instituting IPR
    Proceedings .................................................................................23

c.  The Board Did Not Abuse Its Discretion...................................26

C. NuVasive's Request For Mandamus Relief Should Be Denied .........32

1.  The USPTO's Nonappealable Decision Not To Institute
    An IPR Is Not Subject To Mandamus Review .............................33

2.  *Cuozzo* Does Not Permit Mandamus Review Of The
    Director's Decision Not To Institute An IPR ...............................35

3.  Even If The USPTO's Decision Not To Institute An IPR
    Were Reviewable Via Mandamus, The Type Of
    Discretionary Decision Challenged By NuVasive Is Not
    Appropriate For Mandamus Review..............................................37

VI.  Conclusion .............................................................................................39

# TABLE OF AUTHORITIES

**Cases**

*Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33 (1980) .................................33, 35

*Auer v. Robbins,* 519 U.S. 452 (1997) ....................................................................11

*Belkin Int'l, Inc. v. Kappos*, 696 F.3d 1379 (Fed. Cir. 2012) ..................................15

*Bluewater Network & Ocean Advocates, In re,*
    234 F.3d 1305 (D.C. Cir. 2000) ...........................................................................33

*Cheney v. U.S. Dist. Court for Dist. of Columbia*,
    542 U.S. 367 (2004) .............................................................................................33

*Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*,
    467 U.S. 837 (1984) .......................................................................................11, 24

*Cuozzo Speed Techs., LLC, In re*, 778 F.3d 1271 (Fed. Cir. 2015)................ passim

*Dominion Dealer Solutions, LLC, In re*,
    749 F.3d 1379 (Fed. Cir. 2014) ...................................................... 11, 34-36

*Eli Lilly & Co. v. Board of Regents of Univ. of Washington*,
    334 F.3d 1264 (Fed. Cir. 2003) ...........................................................................26

*GEA Process Eng'g v. Steuben Foods, Inc.*, Nos. 2015-1536,
    -1537, -1538, -1539, -1540, (ECF No. 21) (Fed. Cir. June 23, 2015) ................14

*GTNX, Inc. v. INTTRA, Inc.*, Nos. 2015-1349, -1350, -1352, -1353,
    2015 WL 3692319 (Fed. Cir. June 16, 2015)......................................................14

*Heckler v. Ringer*, 466 U.S. 602 (1984) ...........................................................10, 38

*Lacavera v. Dudas*, 441 F.3d 1380 (Fed. Cir. 2006)...............................................11

*Litecubes, LLC v. Northern Light Prods., Inc.*,
    523 F.3d 1353 (Fed. Cir. 2008) ...........................................................................11

*Procter & Gamble Co., In re*, 749 F.3d 1376 (Fed. Cir. 2014)...............................34

*Roche Molecular Sys., Inc., In re*, 516 F.3d 1003 (Fed. Cir. 2008) .......................33

*St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*,
    749 F.3d 1373 (Fed. Cir. 2014) .................................................................. passim

*Sullivan, In re*, 362 F.3d 1324 (Fed. Cir. 2004) ......................................................12

*Versata Dev. Group, Inc. v. SAP Am., Inc.*, __ F.3d__, No. 2014-1194,
    2015 WL 4113722  (Fed. Cir. July 9, 2015) ......................................................12

**Statutes**

5 U.S.C. § 706(2)(A) ...............................................................................................12

28 U.S.C. § 1361 .....................................................................................................38

35 U.S.C. §102 ..........................................................................................................4

35 U.S.C. §103 ..........................................................................................................4

35 U.S.C. §141(c) ....................................................................................................19

35 U.S.C. § 303(a) ...................................................................................................22

35 U.S.C. § 304 ........................................................................................................22

35 U.S.C. § 305 ........................................................................................................22

35 U.S.C. § 311 ..........................................................................................................4

35 U.S.C. § 311(a) .....................................................................................................5

35 U.S.C. § 311(c) .....................................................................................................5

35 U.S.C. § 312(a) ...................................................................................................22

35 U.S.C. § 313 ........................................................................................................22

35 U.S.C. § 314 ................................................................................................ passim

35 U.S.C. § 314(a) ........................................................................................... passim

35 U.S.C. § 314(c) ................................................................................16, 29

35 U.S.C. § 314(d) ................................................................................ passim

35 U.S.C. §315(a)(1) .....................................................................................21

35 U.S.C. § 315(e) ........................................................................................37

35 U.S.C. § 315(b) ........................................................................................21

35 U.S.C. § 316 ............................................................................................31

35 U.S.C. § 316(a) ..........................................................................................5

35 U.S.C. § 316(a)(2) ..............................................................................5, 20, 23, 24

35 U.S.C. § 316(a)(4) ...........................................................................5, 23, 24

35 U.S.C. § 316(a)(11) ....................................................................................5

35 U.S.C. § 316(b) ................................................................................. passim

35 U.S.C. § 318 .......................................................................................14, 31

35 U.S.C. § 318(a) ..................................................................................14, 18

35 U.S.C. § 319 ....................................................................................1, 14, 19

35 U.S.C. § 325(d) .........................................................................................5

35 U.S.C. § 328 .............................................................................................14

35 U.S.C. § 329 .............................................................................................14

Pub. L. No. 112-29, 125 Stat. 284 (2011).............................................4, 38

**Regulations**

37 C.F.R., part 42 ...........................................................................................6

37 C.F.R. § 42.1(b) ...................................................................................6, 28

37 C.F.R. § 42.108 ................................................................................ passim

37 C.F.R. § 42.108(a) ......................................................................... 6

37 C.F.R. § 42.108(b) ................................................................. passim

37 C.F.R. § 42.108(c) ........................................................................ 24

37 C.F.R. § 42.71 ............................................................................. 30

37 C.F.R. § 42.71(c) ........................................................................... 8

37 C.F.R. § 42.71(d) ........................................................................... 8

37 C.F.R. § 42.120 .............................................................................. 8

37 C.F.R. § 42.121 .............................................................................. 8

37 C.F.R. § 42.122 .............................................................................. 8

37 C.F.R. § 42.123 .............................................................................. 8

77 Fed. Reg. 48680 (Aug. 14, 2012) ........................................... passim

77 Fed. Reg. 48756 (Aug. 14, 2012) ............................................... 7

## Other Authorities

157 Cong. Rec. S1377 (daily ed. Mar. 8, 2011) ........................... passim

H.R. Rep. No. 112-98 (2011) .......................................................... 22

## STATEMENT OF RELATED CASES

The Director adopts the Statement of Related Cases in the principal briefs of NuVasive, Inc. and Warsaw Orthopedic, Inc.  In addition, this Court's decisions in *Synopsys, Inc. v. Mentor Graphics Corp.*, No. 2014-1516, -1530 (pending), *Schott Gemtron Corp. v. SSW Holding Co.*, No. 2015-1073 (pending), *Shaw Indus. Group, Inc. v. Automated Creel Sys., Inc.*, No. 2015-1116, -1119 (pending), *Harmonic, Inc. v. Avid Tech., Inc.*, No. 2015-1072 (pending), *Hewlett-Packard Co. v. MPHJ Tech. Investments*, No. 2015-1427 (pending), and *SAS Inst., Inc. v. ComplementSoft, LLC,* No. 2015-1346 (pending) may directly affect, or be directly affected by, this Court's decision in this appeal because they involve the same issue of reviewability of a Board decision not to institute an IPR in part.

## I.     STATEMENT OF JURISDICTION

This appeal arises from two written decisions by the Patent Trial and Appeal Board ("Board") in two inter partes review (IPR) proceedings – IPR2013-00206 and IPR2013-00208.  While the Board's final written decisions can be reviewed under 35 U.S.C. § 319, this Court lacks jurisdiction to review the Board's determination of whether or not to institute the two IPRs.  35 U.S.C. § 314(d).  As this Court has held, section 314(d) "prohibits review of the decision to institute IPR," *In re Cuozzo Speed Techs., LLC*, No. 2014-1301, __ F.3d __, 2015 WL 4097949 at *3 (Fed. Cir. July 8, 2015), as well as the decision to deny institution of IPR,  *St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, 749 F.3d 1373, 1375-76 (Fed. Cir. 2014).

## II.     STATEMENT OF THE ISSUES

NuVasive filed two petitions seeking IPR of claims in Warsaw's U.S. Patent No. 8,251,997.  NuVasive challenged the patentability of claims 1-8 in IPR2013-00208 and claims 9-30 in IPR2013-00206.  For purposes of this appeal, the Director is not addressing IPR2013-00208.  The Director intervened in this case for the limited purpose of addressing NuVasive's challenge to the Board's institution decision in IPR2013-00206.

NuVasive has challenged, *inter alia*, the Board's decision to institute IPR2013-00206 on a subset of NuVasive's proposed grounds of unpatentability.

According to NuVasive, the Board should have instituted IPR2013-00206 on *all* of NuVasive's proposed grounds or re-considered the denied grounds when the Board determined in its final written decision that NuVasive did not establish unpatentability for claims 9-16 and 24-30 under any of the instituted grounds.  In the alternative, NuVasive asks this Court to issue a writ of mandamus that would order the USPTO to institute an IPR based on the grounds that were denied by the Agency.  NuVasive also challenges the Board's decision to institute IPR2013-00206 on a subset of NuVasive's proposed grounds by alleging that the Board should have instituted on grounds of unpatentability that NuVasive did not even propose.  The Director thus addresses the following three questions:

1.      Whether this Court lacks jurisdiction to review the USPTO's decision to institute IPR2013-00206 on only a subset of the grounds of unpatentability proposed in NuVasive's petition because 35 U.S.C. § 314(d) dictates that such discretionary decisions are non-appealable.

2.      Even if this Court has jurisdiction to review the USPTO's decision to institute IPR2013-00206 on only a subset of the grounds of unpatentability proposed in NuVasive's petition, whether the Board abused its discretion in doing so.

3.     Whether NuVasive is entitled to the extraordinary relief of a writ of

mandamus that would order the USPTO to consider grounds of unpatentability on

which the USPTO exercised its discretion not to institute inter partes review.

## III.    STATEMENT OF THE CASE

### A.    Introduction

Warsaw Orthopedic, Inc. ("Warsaw") owns U.S. Patent No. 8,251,997 ("the

'997 patent").  NuVasive, Inc. ("NuVasive") petitioned the USPTO to institute an

inter partes review ("IPR") of claims 9-30 of the '997 patent.  A238-302; A4927-

991.[1]  NuVasive proposed two grounds of unpatentability based on obviousness for

*each* challenged claim:  one ground involved Jacobson[2] combined with other prior

art, and one ground involved Michaelson '661[3] combined with other prior art.  *See,

e.g.,* A243.

On September 23, 2013, the Board instituted an IPR of claims 9-30

("IPR2013-00206") based on the set of Jacobson obviousness grounds (grounds 1-

6 in NuVasive's petition).  A958-969.  The Board denied NuVasive's petition as to

the set of Michaelson '661 obviousness grounds (grounds 7 and 8 in NuVasive's

---

[1]     Citations to "A____" refer to the Joint Appendix.  Citations to "NuVasive Br. at __" refer to NuVasive's brief.

[2]     U.S. Patent No. 4,545,374.  A477-92.

[3]     U.S. Patent No. 5,772,661.  A546-575.

petition), concluding that the Michaelson '661 grounds "are redundant in light of the grounds on the basis of which we institute review." A970. The denied set of Michaelson '661 grounds is the main subject of NuVasive's appeal.

After considering Warsaw's response and NuVasive's reply in support of its petition—both of which were filed after the institution decision—the Board concluded on the merits that NuVasive had demonstrated that claims 17-23 of the '997 patent were unpatentable as obvious but that NuVasive had not demonstrated by a preponderance of the evidence that claims 9-16 and 24-30 were unpatentable. A1-37. NuVasive petitioned the Board for rehearing, maintaining that the Board misapprehended and overlooked evidence in connection with analyzing the instituted grounds, A4831-49, but the Board stood by its final decision, A38-44. NuVasive now appeals not only the Board's decision on the merits, but also the Board's institution decision.

## B.    Statutory And Regulatory Background

In the Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, 125 Stat. 284 (2011), Congress substantially expanded the USPTO's procedures for reconsidering the patentability of claims in issued patents. The AIA replaced inter partes reexamination with IPR, an adversarial proceeding before the Board. *See* 35 U.S.C. § 311. The AIA also changed the threshold showing necessary for the USPTO to institute an inter partes proceeding, made all patents subject to such

review regardless of the date on which they were issued, and imposed strict timelines for completion of the review.  *See* 35 U.S.C. §§ 311(a), (c), 314(a), 316(a)(11).  Notably, Congress expressly made clear that the "determination by the Director whether to institute an inter partes review" is "final and nonappealable," 35 U.S.C. § 314(d), and that IPRs be completed within one year, 35 U.S.C. § 316(a)(11).

To implement the AIA's new administrative review schemes, Congress provided the USPTO with expanded rulemaking authority.  *See generally* 35 U.S.C. § 316(a).  Specifically, the AIA gives the USPTO broad authority to "prescribe regulations" for "establishing and governing inter partes review," 35 U.S.C. § 316(a)(4), and for "setting forth the standards for the showing of sufficient grounds to institute a review under 314(a)," 35 U.S.C. § 316(a)(2).  The AIA also requires the Director to "consider the effect of any such regulation on the economy, the integrity of the patent system, the efficient administration of the Office, and the ability of the Office to timely complete proceedings . . . ."  35 U.S.C. § 316(b).  The AIA also gives the USPTO discretion to deny a petition in the event that substantially the same grounds of unpatentability have been proposed.  *See* 35 U.S.C. § 325(d) ("In determining whether to institute or order a proceeding under this chapter, chapter 30, or chapter 31, the Director may take into account whether, and reject the petition or request because, the same or

5

substantially the same prior art or arguments previously were presented to the Office.").

Pursuant to those express statutory grants of rulemaking authority, the USPTO has prescribed regulations governing IPR proceedings, as well as general rules of practice before the Board. *See generally* 37 C.F.R., pt. 42. Consistent with the efficiency concerns contemplated by the AIA provisions, the Agency implemented a regulatory scheme that should "be construed to secure the just, speedy, and inexpensive resolution of every proceeding." 37 C.F.R. § 42.1(b). One such regulation states that "[w]hen instituting *inter partes* review, the Board *may* authorize the review to proceed on *all or some* of the challenged claims and on *all or some* of the grounds of unpatentability asserted for each claim." 37 C.F.R. § 42.108(a) (emphasis added). That same rule also explains that "[a]t any time prior to institution of *inter partes* review, the Board *may* deny *some or all* grounds for unpatentability for *some or all* of the challenged claims" and that a "[d]enial of a ground is a Board decision not to institute *inter partes* review on that ground." 37 C.F.R. § 42.108(b) (emphasis added).

The Board's Trial Practice Guide—published when the final rules were published—explains that "the Board will streamline the issues for final decision by authorizing the trial to proceed only on the challenged claims" and that "[a]ny claim or issue not included in the authorization for review is not part of the trial."

Office Patent Trial Practice Guide, 77 Fed. Reg. 48756, 48765 (Aug. 14, 2012).

The USPTO's explanatory guidance accompanying the rule states that rule

42.108(b) "is consistent with the efficient administration of the Office, which is a

consideration in prescribing *inter partes* review regulations under 35 U.S.C.

§ 316(b) . . . ."  Changes to Implement Inter Partes Review Proceedings, 77 Fed.

Reg. 48680, 48689 (Aug. 14, 2012).  The AIA legislative history confirms that

Congress intended to achieve such efficiency by giving the USPTO discretion in

determining whether to deny institution, even for otherwise meritorious petitions.

*See* 157 Cong. Rec. S1377 (daily ed. Mar. 8, 2011) (Senator Kyl statement

explaining that the inclusion in 35 U.S.C. § 316(b) of considering the USPTO's

ability to timely complete proceedings "reflects a legislative judgment that it is

better that the [USPTO] turn away some petitions that otherwise satisfy the

threshold for instituting an inter partes or post-grant review than it is to allow the

[USPTO] to develop a backlog of instituted reviews that precludes the [USPTO]

from timely completing all proceedings").

## C.    Proceedings Before The Board

### 1.    The Board's Decision To Institute IPR2013-00206

NuVasive filed a petition for IPR of claims 9-30 of the '997 patent,

proposing that each claim is obvious in view of either (1) Jacobson combined with

other prior art or (2) Michaelson '661 combined with other prior art.  *See, e.g.,*

A243.  NuVasive proposed the Jacobson obviousness combinations assuming that the challenged claims are entitled to "the earliest claimed priority" date of February 27, 1995, and proposed the Michaelson '661 obviousness combinations using "a later priority date (no earlier than Nov. 29, 2011)" for the challenged claims.  A244.

On September 23, 2013, the Board instituted IPR2013-00206 of claims 9-30 based on the set of Jacobson obviousness grounds for each claim (grounds 1-6).  A949-72.  The Board exercised its discretion and declined to institute IPR on NuVasive's proposed set of Michaelson '661 grounds for each claim (grounds 7 and 8).  A969-70.  NuVasive did not request a rehearing of the Board's denial to institute IPR based on NuVasive's proposed grounds involving Michaelson '661.  *See* 37 C.F.R. § 42.71(c) and (d); *see also* 77 Fed. Reg. 48680, 48703 (Aug. 14, 2012) (Response to comment 65).

## 2.    The Board's Final Written Decision In IPR2013-00206

After its decision to institute IPR2013-00206, the Board conducted a full trial proceeding.  *See generally* 37 C.F.R. §§ 42.120-42.123.  On June 5, 2014, an oral hearing was held.  A4752-830.  At the close of the proceeding, the Board determined that NuVasive had established by a preponderance of the evidence that claims 17-23 of the '997 patent are unpatentable.  A1-37.  The Board also

determined that NuVasive had not established by a preponderance of the evidence that claims 9-16 and 24-30 of the '997 patent are unpatentable. *Id.*

### 3.    The Board's Rehearing Decision In IPR2013-00206

On August 11, 2014, NuVasive sought rehearing of the Final Written Decision in IPR2013-00206, requesting that the Board modify its decision and find that claims 9-16 and 24-30 of the '997 patent had been shown to be unpatentable. A4831-849. NuVasive maintained that the Board "misapprehended" and "overlooked" evidence in connection with analyzing the instituted grounds, but did not argue that the Board should have considered grounds upon which the Board did not institute review. *Id.* On August 28, 2014, the Board denied NuVasive's petition for rehearing. A38-44. This appeal (No. 15-1049) followed.[4]

### IV.    SUMMARY OF THE ARGUMENT

NuVasive's petition for IPR, in IPR2013-00206, identified two proposed grounds of unpatentability for each challenged claim. The Board instituted review of each challenged claim based on one set of NuVasive's proposed grounds—the Jacobson obviousness grounds (grounds 1-6). This Court lacks jurisdiction to review the Board's decision not to institute as to the other proposed set of grounds—the Michaelson '661 obviousness grounds (grounds 7 and 8)—as well as

---

[4]    NuVasive's appeal involves the Board's decision as to claims 9-16 and 24-30. Warsaw's appeal, which the Director does not address, involves the Board's decision as to claims 1-8 and 17-23.

to grounds NuVasive never proposed.  35 U.S.C. § 314(d) dictates that the Board's

institution decision—whether it is a decision to institute on all proposed grounds, a

decision not to institute on any of the proposed grounds, or a decision not to

institute on some of the proposed grounds —is "final and nonappealable."  This

Court has recognized that section 314(d) "prohibits review of the decision to

institute IPR," *Cuozzo*, 2015 WL 4097949 at *3, as well as the decision to deny

institution of IPR, *St. Jude*, 749 F.3d at 1375-76.  This Court's reasoning in those

cases applies here.

Even if this Court had jurisdiction to review the Board's institution decision,

the Board's discretionary decision to institute on a subset of NuVasive's proposed

grounds of unpatentability is a reasonable exercise of the Agency's statutory and

regulatory authority.  The Board here did not abuse its discretion because it

reasonably applied regulations directed to the statutory directive of considering

efficiency and timeliness of IPR proceedings.

Finally, NuVasive fails to establish that it is entitled to the extraordinary

relief of mandamus.  The Board's decision to deny institution on NuVasive's

proposed Michaelson '661 obviousness grounds was a discretionary decision, and

thus mandamus is unavailable.  *See Heckler v. Ringer*, 466 U.S. 602, 616 (1984)

(finding mandamus is "intended to provide a remedy for a plaintiff only if he has

exhausted all other avenues of relief and only if the defendant owes him a clear

nondiscretionary duty"). Further, this Court has already held that there is "no 'clear and indisputable' right to challenge [the] non-institution" of an IPR at the Federal Circuit, "including by way of mandamus." *In re Dominion Dealer Solutions, LLC*, 749 F.3d 1379, 1381 (Fed. Cir. 2014). NuVasive's request for mandamus relief should be denied.

## V.    ARGUMENT

### A.    Standard Of Review

This Court reviews its own jurisdiction *de novo. See Litecubes, LLC v. Northern Light Prods., Inc.*, 523 F.3d 1353, 1360 (Fed. Cir. 2008). Regulations issued by the USPTO under a statutory grant of rulemaking authority are entitled to deference unless based on an unreasonable construction of the statute. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-845 (1984); *see also Cuozzo*, 2015 WL 4097949 at *7; *Lacavera v. Dudas*, 441 F.3d 1380, 1384 (Fed. Cir. 2006) ("First, we determine whether the statute speaks to the issue of the challenge, and if it is silent or ambiguous, we defer to the agency's reasonable interpretation."). The USPTO's interpretation of its own regulations is "controlling unless plainly erroneous or inconsistent with the regulation." *Auer v. Robbins,* 519 U.S. 452, 461 (1997) (internal quotation marks omitted). The Board's actions may not be set aside unless "arbitrary, capricious, an abuse of

11

discretion, or otherwise not in accordance with law." *In re Sullivan*, 362 F.3d

1324, 1326 (Fed. Cir. 2004); 5 U.S.C. § 706(2)(A).

**B.    The Board's Decision To Institute Is Nonappealable And Cannot Be Reviewed By This Court**

**1.    This Court Lacks Jurisdiction To Review The Board's Decision To Institute IPR2013-00206 On A Subset Of Grounds Presented In A Petition**

NuVasive maintains that this Court should "send the case back to the Board

for it to consider the grounds it never reached" (NuVasive Br. at 35) —i.e., for the

Board to consider the set of Michaelson '661 grounds on which the Board did not

institute review.  Underlying NuVasive's argument is the flawed premise that the

Board's discretionary decision to institute on one set of grounds and deny

institution on another set of grounds is subject to review.  But the statute is clear:

"[t]he determination . . . whether to institute an inter partes review . . . shall be final

and *nonappealable*."  35 U.S.C. § 314(d) (emphasis added).  This Court has

recognized that section 314(d) "prohibits review of the decision to institute IPR,"

*Cuozzo*, 2015 WL 4097949 at *3, as well as the decision to deny institution of IPR,

*St. Jude*, 749 at 1375-76.[5]  The reasoning of those cases applies here.  The *denial*

---

[5]    The Court's recent decision in *Versata Dev. Group, Inc. v. SAP Am., Inc.*, __ F.3d__, No. 2014-1194, 2015 WL 4113722 (Fed. Cir. July 9, 2015), is not to the contrary.  As an initial matter, the government disagrees with the Court's decision in that case and notes that the time to seek en banc review has not yet run.  More significantly, the *Versata* court held only that upon review of the Board's final written decision on a covered business method ("CBM") patent, the court could

of institution on a subset of grounds is nonappealable just as a denial to institute on

all proposed grounds is nonappealable.  *See St. Jude*, 749 F.3d at 1375 ("We hold

that we may not hear St. Jude's appeal from the Director's denial of the petition for

*inter partes* review.").  An institution decision involves a decision on potentially

many patent claims and potentially different prior art references or different prior

art combinations.  For example, a decision to institute review of a given patent

claim may involve a decision to review that claim based on one proposed prior art

reference but not another.  Thus, an institution determination may be a decision to

institute on all proposed grounds, a decision not to institute on any of the proposed

grounds, or a decision to institute on fewer than all of the proposed grounds; each

such decision is "nonappealable."  Having already decided that a straight non-

institution decision is beyond challenge (*St. Jude*), and that a straight institution

decision is also beyond challenge (*Cuozzo*), it follows that a split decision like that

here is equally beyond challenge.  NuVasive fails to explain why the split nature of

the decision to institute somehow avoids the combined logic of *St. Jude* and

*Cuozzo*.

---

consider whether the Board had authority to institute CBM review at all.  *Id*. at 10
(defining the issue as whether judicial review with regard to the final written
decision permits review of "the ultimate authority of the PTAB to invalidate a
patent").  Here, in contrast, there is no question that the Board did not exceed its
authority where it did ***not*** institute *inter partes* review on NuVasive's proposed set
of Michaelson '661 grounds (grounds 7 and 8).

NuVasive maintains that it is not challenging the Board's decision at the institution stage, but rather it is challenging "an error in the Board's final written decision—namely, the fact that [the Board] made a finding NuVasive had failed to show obviousness of claims 9-16 and 24-30 without considering two of NuVasive's [Michaelson '661] grounds." NuVasive Br. at 36. But NuVasive *is* challenging the Board's decision at the institution stage. NuVasive is arguing that the Board made "an error" by not "*considering two of NuVasive's grounds*." *Id*. at 36 (emphasis added). At bottom, NuVasive is arguing that the Board should have instituted an IPR proceeding on *all* the grounds presented in its petition. Thus, contrary to NuVasive's argument (*id*.), *St. Jude* does apply here and such a challenge to the Board's institution decision is not reviewable by this Court. *St. Jude*, 749 F.3d at 1375-76; 35 U.S.C. § 314(d); *Cuozzo*, 2015 WL 4097949 at *3. The only part of the IPR that is reviewable is the Board's decision with respect to the "patentability of any patent claim challenged by the petitioner." *Cuozzo*, 2015 WL 4097949 at *3 (citing 35 U.S.C. § 318(a)); *see also GTNX, Inc. v. INTTRA, Inc.*, Nos. 2015-1349, -1350, -1352, -1353, __ F.3d __, 2015 WL 3692319, at *2-3 (Fed. Cir. June 16, 2015) (holding that a final written decision with respect to patentability is "the only appealable decision within the statutory regime" under 35 U.S.C. §§ 328-29, which are substantively identical to §§ 318-19); *GEA Process Eng'g v. Steuben Foods, Inc.*, Nos. 2015-1536, -1537, -1538, -1539, -1540, slip op.

14

at 4 (ECF No. 21) (Fed. Cir. June 23, 2015) (non-precedential) (stating that the

*GTNX* "analysis is the same" in the IPR context).  The issues of unpatentability

addressed within IPR2013-00206 did not include the proposed grounds that were

denied by the Board.  Since the proposed grounds that were denied were never part

of the IPR, they were never part of the Board's final decision.  Therefore, this

Court cannot review the denied grounds or the Board's reasons for denial as part of

this appeal.

The mere fact that NuVasive combined two sets of grounds into its petition

does not make the denial of one of those sets of proposed grounds reviewable.  If

NuVasive's petition had proposed only the Michaelson '661-based grounds and

that petition had been denied, there would be no question that the institution

decision would be nonappealable.  35 U.S.C. § 314(d); *see also St. Jude*, 749 F.3d

1373 (denial of IPR petition is nonappealable).  NuVasive does not get review of

the Board's decision refusing to institute review on one set of grounds merely

because another set of grounds in NuVasive's petition was instituted.  *Cf. Belkin*

*Int'l, Inc. v. Kappos*, 696 F.3d 1379, 1382-84 (Fed. Cir. 2012) (agreeing that "the

Board did not err in not considering issues" on which the Director had not ordered

an inter partes reexamination, and holding that "[s]uch an issue is non-

appealable").  This would create a result in which NuVasive could circumvent 35

U.S.C. § 314(d) and *St. Jude*'s bar on appealing the review of a decision to not

institute an IPR, merely by having other, alternative proposed grounds of unpatentability granted.  Merely combining different grounds of unpatentability into one petition should not make the denial of one set of proposed grounds suddenly reviewable.

NuVasive also argues that *St. Jude* does not preclude this Court's review of the Board's denial to institute on one subset of grounds because "this case does not really involve a denial of NuVasive's petition for *inter partes* review"; rather, NuVasive maintains, "the Board never made a decision on two of NuVasive's grounds one way or the other.  [The Board] did not deny review on the merits . . . ."  NuVasive Br. at 36.  But the Board does not have to provide a substantive reason for a denial to institute review on a particular ground for a petition to be deemed denied as to that ground.  The Agency's regulations explain that "[a]t any time prior to institution of *inter partes* review, the Board may deny some or all grounds for unpatentability for some or all of the challenged claims" and a "*[d]enial of a ground is a Board decision not to institute inter partes review on that ground.*"  37 C.F.R. § 42.108(b) (emphasis added).  And, in turning away petitions in whole or in part, the USPTO need only issue a public "notice" that "notif[ies] the petitioner and patent owner" of the USPTO's decision "in writing," including "the date on which the review shall commence."  35 U.S.C. § 314(c).  Nothing in the IPR statute requires the USPTO to explain why the agency decided

16

to institute on some grounds and not others.  Simply because the Board may exercise its discretion and deny instituting on alternative grounds to streamline IPR proceedings for efficiency reasons does not mean that the Board's denial should be treated as anything other than a denial to institute IPR.  Thus, under the reasoning of *St. Jude* and *Cuozzo,* section 314(d) prohibits review of the Board's decision not to institute IPR2013-00206 on the Michaelson '661-based subset of grounds.  *St. Jude*, 749 F.3d at 1375-76; *Cuozzo*, 2015 WL 4097949 at *3.

Finally, the Director notes that the ability of the USPTO to make split decisions (*e.g.*, to institute review on one set of grounds and deny review on another set of grounds) is eminently logical given the purpose of the two-step approach to IPRs.  The speed and efficiency promised by the AIA would be undermined if the Board lacked the discretion not to subject a patent to review on some grounds in the case in which other grounds warranting review are present.  A rule to the contrary would require unnecessarily complicated proceedings meant to resolve patentability only on the grounds for which the proceeding was instituted.

### 2. This Court Lacks Jurisdiction To Review The Board's Decision Not To Institute IPR On Grounds Of Unpatentability That NuVasive Chose Not To Propose

As explained above, this Court lacks jurisdiction to review the Board's institution decisions.  35 U.S.C. § 314(d); *Cuozzo*, 2015 WL 4097949 at *3; *St. Jude*, 749 F.3d at 1375-76.  Likewise, the failure to institute on other grounds –

such as grounds NuVasive chose *not* to include in its petition—is not reviewable.

NuVasive argues to this Court that the Board, in analyzing the patentability of

claims 9-16, should have considered an obviousness combination that includes the

prior art Brantigan reference,[6] even though NuVasive failed to propose that

obviousness combination in its petition.  NuVasive Br. at 22-23, 26-27.  Indeed,

NuVasive included Brantigan in proposed obviousness combinations for claims

17-23, but not for claims 9-16.  *See, e.g.,* A243.  NuVasive thus boldly asks this

Court to require the Board to consider grounds NuVasive itself never even

proposed.  NuVasive Br. at 22-23, 26-27.

   As explained above, the Board's identification of which grounds of

unpatentability it selects for IPR makes clear which issues are part or not part of

the IPR.  *See* 77 Fed. Reg. 48680, 48689 (Aug. 14, 2012) ("Any claim or issue not

included in the authorization for review is not part of the review.").  Any grounds

that are not identified in the institution decision are not part of the proceeding and,

therefore, not part of the Board's final written decision issued under 35 U.S.C.

§ 318(a).  *See also St. Jude*, 749 F.3d at 1375-76 ("The statute thus establishes a

two-step procedure for *inter partes* review: the Director's decision whether to

institute a proceeding, followed (if the proceeding is instituted) by the Board's

conduct of the proceeding and decision with respect to patentability.").  In other

---

[6]     U.S. Patent No. 5,192,327.  A507-516.

words, the only issues of unpatentability addressed within the IPR proceeding are the proposed grounds on which the Board instituted the IPR. Since NuVasive's newly proposed ground was never part of the IPR, it is not part of the Board's final written decision. Therefore, this Court cannot require the Board to consider other grounds that were not even proposed as part of the IPR. *See id.*; *see also* 35 U.S.C. §§ 319, 141(c).

NuVasive chose not to raise Brantigan with respect to claims 9-16 in its petition, A243, and now asks this Court to require the Board to institute and undertake review on this new ground. In essence, NuVasive is asking that the Board be required to institute on unidentified grounds of unpatentability, or to add new grounds if the final written decision determines that the petitioner did not establish unpatentability under any of the instituted grounds. *See* NuVasive Br. at 22-23, 26-27. Either would require the Board to significantly increase its workload, and create an undue burden of requiring the Board to create new grounds of rejection that were not proposed by the petitioner. But such a practice would conflict with the legislative intent of completing IPR proceedings in a timely manner. *See* 35 U.S.C. § 316(b); *see also* 157 Cong. Rec. S1377 (daily ed. Mar. 8, 2011) (observing that "it is better that the Office turn away some petitions that otherwise satisfy the threshold for instituting an inter partes . . . review than it is to allow the Office to develop a backlog of instituted reviews that precludes the

Office from timely completing all proceedings"). And in any event, NuVasive's

challenge is directed to the scope of the IPR – which is determined by the Board's

institution decision. The statute and this Court's precedent are clear that that

decision is not reviewable by this Court. 35 U.S.C. § 314(d); *Cuozzo*, 2015 WL

4097949 at *3; *St. Jude*, 749 F.3d at 1375-76.

> **3.    If This Court Reaches The Issue, The Board Did Not Abuse Its Discretion When It Instituted On A Subset Of Grounds Proposed In NuVasive's Petition**

If this Court decides that it has jurisdiction to review the Board's institution

decision, this Court should conclude that the Board's decision to institute on a

subset of grounds proposed in NuVasive's IPR2013-00206 petition is a reasonable

exercise of the Board's statutory and regulatory authority. As reflected in the AIA

provisions that govern IPRs, Congress intended to give the USPTO control over

the institution decision, including giving it authority to promulgate regulations to

indicate when "sufficient grounds" to institute an IPR are present. 35 U.S.C.

§ 316(a)(2). The USPTO's regulations preserve the discretion afforded by statute,

and a Board decision that institutes IPR on a subset of grounds proposed in a

petition is a reasonable act of discretion within that statutory and regulatory

framework.

### a.    Under Chapter 31, The Director Has Complete Discretion To Deny Institution

Chapter 31 of title 35 providing for IPRs demonstrates that Congress intended to give discretion to the USPTO to deny institution of an IPR, to provide a minimal threshold above which the USPTO can institute an IPR, and to provide an express delegation of rulemaking authority to the USPTO to govern institution in light of the statutory framework.  The statutory provisions most directly related to the institution decision reflect Congress's intent to set forth only minimal requirements for when an IPR may be instituted.  *See* 35 U.S.C. §§ 314(a), 315(a)(1), 315(b).  The most relevant section is entitled "Institution of inter partes review."  35 U.S.C. § 314.  Specifying a bottom threshold for the USPTO's discretion to institute, the section provides that the USPTO "*may* not authorize an inter partes review to be instituted *unless* . . . there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."  35 U.S.C. § 314(a) (emphasis added).[7]  In contrast, the statutory provisions governing previously-established post-issuance agency proceedings (i.e., ex parte reexamination and the now-superseded inter partes reexamination) affirmatively required the USPTO to conduct such proceedings if certain threshold requirements were satisfied.  For example, for an ex parte reexamination, the

---

[7]    By additionally specifying only instances in which a review "may not" be instituted, sections 315(a) and (b) are not relevant to the discretion to deny institution when the threshold of section 314(a) is met.

USPTO "will determine" whether there is a substantial new question of patentability within three months of a petition being filed.  *See* 35 U.S.C. § 303(a).  Under that reexamination provision, if the USPTO found "that a substantial new question of patentability affecting any claim of a patent is raised, the determination *will include an order* for reexamination of the patent for resolution of the question."  *See* 35 U.S.C. § 304 (emphasis added).  An ex parte reexamination would then necessarily be ordered by the Director.  *See* 35 U.S.C. §§ 304, 305.  Similar mandatory language governed the commencement of the now-superseded inter partes reexamination proceedings—using the term "shall" in place of "will."  *Compare* 35 U.S.C. §§ 312(a), 313 (as in effect prior to Sept. 16, 2012).  The lack of this type of mandatory language in the new IPR context is telling:  Congress intended for the USPTO to have the discretion to deny institution.

Indeed, IPR proceedings were intended to be an improvement over these past reexamination proceedings, to be more adjudicatory and faster than reexamination.  *See* H.R. Rep. No. 112-98, at 45-48 (2011).  The legislative history indicates that the efficiency in the new IPR proceedings was tied, in part, to giving the USPTO a great amount of discretion in determining when to institute an IPR proceeding, and in particular, when to deny institution of an IPR proceeding.  As Senator Kyl explained, the inclusion in 35 U.S.C. § 316(b) of considering the USPTO's ability to timely complete proceedings "reflects a legislative judgment

that it is better that the [USPTO] turn away some petitions that otherwise satisfy the threshold for instituting an inter partes or post-grant review than it is to allow the [USPTO] to develop a backlog of instituted reviews that precludes the [USPTO] from timely completing all proceedings." 157 Cong. Rec. S1377 (daily ed. Mar. 8, 2011).[8]

### b.   The USPTO Promulgated Regulations Retaining Maximum Discretion To Deny A Subset of Grounds Of Unpatentability When Instituting IPR Proceedings

In conjunction with setting a minimum threshold for the USPTO's discretion to institute an IPR, Congress provided rulemaking authority to the Agency to prescribe when an IPR proceeding would be instituted. 35 U.S.C. §§ 316(a)(2), 316(a)(4). Congress also provided that "[i]n prescribing regulations under this section, the Director shall consider . . . the integrity of the patent system, the efficient administration of the Office, and the ability of the Office to timely complete proceedings." 35 U.S.C. § 316(b). Thus, Congress expressly directed the USPTO to consider efficiency when making rules that govern IPR proceedings. The USPTO promulgated such regulations through a rulemaking process that provided for notice and public comment. These regulations show that the USPTO reserved full discretion to institute an IPR. *See* 37 C.F.R. § 42.108. Further, to the

---

[8]     *See also id.* ("It is expected that the Office will include in the threshold regulations a safety valve that allows the Office to decline to institute further proceedings if a high volume of pending proceedings threatens the Office's ability to timely complete all proceedings.").

extent there is any perceived gap in the statute, these regulations represent the

USPTO's authorized exercise of rulemaking authority to fill such a gap, which is

entitled to deference under *Chevron*.  *See Chevron*, 467 U.S. at 842-843; *see also*

*Cuozzo*, 2015 WL 4097949 at *7 ("Because Congress authorized the PTO to

prescribe regulations, the validity of the regulation is analyzed according to the

familiar *Chevron* framework.").

    Congress gave broad discretion to the USPTO to regulate when to institute

or deny institution of IPR proceedings, allowing the USPTO to "set[] forth the

standards for the showing of sufficient grounds to institute a review under section

314(a)," 35 U.S.C. § 316(a)(2), and to prescribe regulations "establishing and

governing inter partes review under this chapter," 35 U.S.C. § 316(a)(4).  The

Agency's regulations specify that the Board "may" institute an IPR proceeding "on

all or some of the grounds of asserted for each claim," 37 C.F.R. § 42.108,

provided that the statutory minimum substantive threshold is met (i.e., that there is

at least one claim that meets the "reasonable likelihood" standard), 37 C.F.R.

§ 42.108(c).  The regulations also state that "the Board may deny some or all

grounds for unpatentability for some or all of the challenged claims."  37 C.F.R.

§ 42.108(b).  These regulations demonstrate the USPTO's intent to reserve the full

discretion authorized by statute to institute or deny institution of IPR proceedings,

and that the discretionary decision is not a binary, all or nothing decision.

24

Moreover, the regulations satisfy the required statutory considerations, including "the efficient administration of the Office, and the ability of the Office to timely complete proceedings instituted under this chapter." 35 U.S.C. § 316(b). For example, the Agency explained during rulemaking that in determining whether to institute a proceeding, it may take into account whether the review could be timely completed. 77 Fed. Reg. 48680, 48702 (Aug. 14, 2012) (response to comment 57); *see also id.* at 48689 (noting that rule 42.108(b) is "consistent with the efficient administration of the Office").

Thus, to the extent there is any gap in the statute as to the parameters of the USPTO's institution decision, the USPTO's decision to promulgate 37 C.F.R. § 42.108 is a valid exercise of its rulemaking authority and is entitled to *Chevron* deference. The Agency is authorized to promulgate rules addressing any such gap, which the Agency has done here through notice-and-comment rulemaking. 77 Fed. Reg. 48680, 48689, 48702, 48728 (Aug. 14, 2012). Importantly, the USPTO has been tasked with determining the proper balance among concerns of a petitioner like NuVasive, those of patent owners concerned with undue harassment, and the efficient administration of IPR proceedings. The regulations at the center of the dispute in this case are the result of such balancing, and fall within the bounds of a reasonable interpretation of Congress's statutory framework.

### c.    The Board Did Not Abuse Its Discretion

As explained above, the Board's decision to institute IPR2013-00206 on a subset of NuVasive's proposed grounds is final and nonappealable and this Court lacks jurisdiction to review the Board's decision. *See* 35 U.S.C. § 314(d); *Cuozzo*, 2015 WL 4097949 at *3; *St. Jude*, 749 F.3d at 1375-76. However, if the Court were to review the Board's decision to deny institution of IPR2013-00206 based on the Michaelson '661-based subset of grounds or on grounds involving Brantigan that NuVasive did not even propose, the Court should find that the Board properly applied USPTO regulations governing IPR proceedings and did not abuse its discretion when it did not institute on those grounds.

An abuse of discretion occurs "if the decision (1) is clearly unreasonable, arbitrary, or fanciful; (2) is based on an erroneous conclusion of law; (3) rests on clearly erroneous fact findings; or (4) involves a record that contains no evidence on which the Board could rationally base its decision." *Eli Lilly & Co. v. Board of Regents of Univ. of Washington*, 334 F.3d 1264, 1266-67 (Fed. Cir. 2003). Far from any abuse of discretion, the Board's decision to institute on one subset of NuVasive's proposed grounds was a reasonable application of the Agency's regulations governing IPR.

The set of proposed grounds on which the Board instituted review involved references that all qualify as prior art under "the earliest claimed priority" date of

26

February 27, 1995. A244. By contrast, the set of proposed grounds on which the Board denied review involved references that qualify as prior art only under "a later priority date" of November 29, 2011. *Id.* It was not unreasonable or arbitrary for the Board not to institute on grounds that require giving the application a priority date of either November 29, 2011, the filing date of the application that matured into the '997 patent, or March 20, 2012, the date on which the claims at issue were first amended. A248-49, 251 (NuVasive explaining that the '997 patent claims priority to a 1995 application that became the Michelson '661 patent); A283, 292 (NuVasive arguing that the priority date for the claims should be March 20, 2012, when they were first amended); A285-91; A292-302. Indeed, Michelson '661 is the parent application of the '997 patent, which claims priority to it. A243; A248. Given the additional priority date issues presented to the Board for the grounds on which the Board declined to institute IPR, and the fact that other grounds (i.e. grounds 1-6) satisfied the statutory requirement of § 314 of a "reasonable likelihood" of prevailing, the Board was reasonable in choosing not to institute on the Michaelson '661-based grounds. A969-70.

It was also not an abuse of discretion for the Board to institute review on only the set of proposed grounds applying the earliest claimed priority date given that the Board is never required to institute an IPR, and has authority to weigh efficiency concerns in determining on which, if any, grounds to institute. *See* 35

27

U.S.C. §316(b) (regulations for IPR must take into account "the efficient administration of the Office" and "the ability of the Office to timely complete [instituted] proceedings"); 37 C.F.R. § 42.1(b) ("This part shall be construed to secure the just, speedy, and inexpensive resolution of every proceeding."). As the USPTO's rules make clear, the Board has discretion to institute an IPR based on *some or all* grounds proposed in a petition. *See* 37 C.F.R. § 42.108. Ultimately, whether to proceed with any particular ground of unpatentability proposed in a petition is committed to the Board's discretion. At bottom, a Board's decision to streamline the proceeding is fully consistent with the statutory scheme governing IPR, and is reasonable.

NuVasive proposed two grounds of unpatentability for each claim it was challenging—Jacobson-based grounds and Michaelson '661-based grounds. *See* A243. There is nothing arbitrary about the Board instituting IPR on one of the grounds for each claim as the Office proceeded with unpatentability issues on claims that met the "reasonable likelihood" standard. *See* 35 U.S.C. § 314(a). Congress contemplated that the USPTO may need to turn away entire petitions that otherwise satisfy the threshold for instituting an IPR to avoid docket congestion and/or backlog. *See* 157 Cong. Rec. S1377 (daily ed. Mar. 8, 2011). So too must the USPTO be able to turn away sub-parts of petitions. It ultimately remains a matter of the Board's discretion whether to proceed with any particular ground,

provided that the ground meets the "reasonable likelihood" standard.  In turning

away petitions in whole or in part, the USPTO need only issue a public "notice"

that "notif[ies] the petitioner and patent owner" of the Director's decision "in

writing."  35 U.S.C. § 314(c).  Nothing in the IPR statute requires the USPTO to

explain *why* the agency decided to institute on some grounds and not others.

NuVasive maintains that the Board should be "required to revisit" the denied

grounds once it decided that NuVasive had not established that claims 9-16 and 24

-30 were unpatentable based on the instituted grounds.  NuVasive Br. at 34; *see*

*also generally id.* at 7, 33-35.  In essence, NuVasive is asking that the Board be

required to institute on all proposed grounds of unpatentability, or to re-consider

any denied grounds if in its final written decision it determines that the petitioner

did not establish unpatentability under any of the instituted grounds.  *Id*.  Either

would require the Board to significantly increase its workload, as every petitioner

would be encouraged to include multiple backup proposed grounds of

unpatentability.  Requiring grounds to be considered after they are denied conflicts

with Congress's direction that the Agency consider "the efficient administration of

the Office, and the ability of the Office to timely complete proceedings instituted

under this chapter."  35 U.S.C. § 316(b); 77 Fed. Reg. 48680, 48702 (Aug. 14,

2012).  Such a practice would conflict with the legislative intent of completing IPR

proceedings in a timely manner to avoid a backlog. *See* 35 U.S.C. § 316(b); *see also* 157 Cong. Rec. S1377 (daily ed. Mar. 8, 2011).

NuVasive also incorrectly argues that the Board committed "legal error" by not "mentioning" NuVasive's single sentence in its reply to the patent owner's response that "the Board consider the validity of claims 24-30 under [Michaelson '661-based] Ground 8" (A1689).  NuVasive Br. at 35.  It was not legal error because, as explained above, the patentability issues that the Board considers during the IPR—and addresses in its final written decision—are the issues identified in the Board's decision to institute.  The Board had no obligation to respond to NuVasive's passing reference to a denied ground.  Moreover, NuVasive failed to make the request at the appropriate time – when the institution decision can be challenged under the Office's rules.  Specifically NuVasive failed to request a rehearing of the Board's denial to institute the IPR proceeding based on the set of grounds pertaining to the later priority date.  *See* 37 C.F.R. § 42.71.  As the Agency informed the public when the IPR rules were published, a petitioner can file a request for rehearing pursuant to 37 C.F.R. § 42.71 if the petitioner has concerns with the denied ground(s).  *See* 77 Fed. Reg. 48680, 48703 (Aug. 14, 2012) (Response to comment 65).  NuVasive failed to do so, and thus should not be permitted to argue now that it was legal error for the alternative grounds to not be part of the patentability issues considered by the Board.

NuVasive's analogy to district court practice misses the mark.  *See* NuVasive Br. at 35.  The two-stage format of IPR is very different from the scenario in which a district court's summary judgment ruling on one alternative ground is reversed on rehearing or appeal.  IPRs proceed in two distinct phases: institution and trial.  *St. Jude*, 749 F.3d at 1375-76.  At the institution stage, the Board determines whether there is a "reasonable likelihood" that a petitioner's proposed grounds will establish the unpatentability of challenged claims.  35 U.S.C. § 314.  At the trial stage, the Board adjudicates the claims and grounds on which it chose to proceed.  35 U.S.C. §§ 316, 318.  The Board does not use the trial stage to exercise review of its earlier decision to institute.  *Id*.  To the contrary, district court litigation is one proceeding in which particular issues may be resolved early as a matter of law, or may proceed along to be finally resolved at trial.  It is of no moment that if a case-dispositive summary judgment ruling is later reversed, then issues not resolved as a matter of law will need to be considered post-reversal.  Either the case is disposed of entirely at summary judgment, or issues that remain will continue to remain—irrespective of whether issues are pending as a result of a reversal or lack of early resolution.  Moreover, the premise underlying NuVasive's analogy is flawed:  it does not "bec[o]me necessary" for the Board to consider new issues once it resolves the patentability issues in its final written decision against the petitioner.  *See* NuVasive Br. at 35.  The trial is over,

and the petitioner has not proved its case on the grounds upon which trial was instituted.  Nothing else needs to be done by the Board.

Lastly, the Board did not abuse its discretion when it declined to institute IPR on grounds that were never proposed in NuVasive's petition.  NuVasive's IPR petition did not include an obviousness combination that included the Brantigan reference for claims 9-16.  *See* A243.  The Board was not required to include the Brantigan reference when it analyzed the patentability of claims 9-16 because NuVasive never proposed such a combination.  A contrary requirement would significantly increase the Board's workload, create an undue burden on the Board to create new grounds of rejection that were not proposed by the petitioner, and conflict with the legislative intent of completing IPR proceedings in a timely manner.  *See* 35 U.S.C. § 316(b); *see also* 157 Cong. Rec. S1377 (daily ed. Mar. 8, 2011).

In sum, the Board properly applied USPTO regulations governing IPR proceedings and did not abuse its discretion when it denied institution on the proposed Michaelson '661 set of grounds and grounds that NuVasive never proposed in the first place.

### C.    NuVasive's Request For Mandamus Relief Should Be Denied

"The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power." *In re Roche*

*Molecular Sys., Inc.*, 516 F.3d 1003, 1004 (Fed. Cir. 2008); *see also, e.g., In re Bluewater Network & Ocean Advocates*, 234 F.3d 1305, 1315 (D.C. Cir. 2000) ("[C]onsideration of any and all mandamus actions starts from the premise that issuance of the writ is an extraordinary remedy, reserved only for the most transparent violations of a clear duty to act.").  This is not such an extraordinary situation – rather, NuVasive seeks to have this Court review a discretionary order that the statute expressly designates as "final and nonappealable."  35 U.S.C. § 314(d).  To be entitled to the "extraordinary" remedy of mandamus, NuVasive must establish:  (1) there are no alternative means of obtaining the relief desired and (2) the right to the relief is "clear and indisputable."  *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *see also Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 381 (2004) (a court must "be satisfied that the writ is appropriate under the circumstances").  As explained below, NuVasive cannot establish that it has a "clear and indisputable" right to have the Board consider non-instituted grounds of IPR.

## 1.    The USPTO's Nonappealable Decision Not To Institute An IPR Is Not Subject To Mandamus Review

The Agency's rules expressly provide that "the Board may deny some or all grounds for unpatentability" and "[d]enial of ground is a Board decision not to institute *inter partes* review on that ground."  37 C.F.R. § 42.108(b).  Further, the statute expressly states that a "determination by the Director whether to institute an

inter partes review under this section shall be final and nonappealable." 35 U.S.C. § 314(d).  What is more, this Court has recognized that the statutory scheme enacted by Congress not only precludes a direct appeal of the decision not to institute an IPR, it also prevents a dissatisfied petitioner from attacking the decision via a mandamus petition to this Court.  *In re Dominion Dealer Solutions, LLC*, 749 F.3d 1379, 1381 (Fed. Cir. 2014); *see also In re Procter & Gamble Co.*, 749 F.3d 1376, 1377 (Fed. Cir. 2014) ("[A] non-institution decision [in an inter partes review] may not be directly reviewed by this court through the extraordinary means of mandamus.").  In short:  there is "no 'clear and indisputable' right to challenge a non-institution decision directly in this [Court], including by way of mandamus." *Dominion Dealer*, 749 F.3d at 1381.

Dominion Dealer petitioned this Court "to issue a writ of mandamus that would vacate the non-institution decisions and order the Director to institute an *inter partes* review for each" of the challenged patents. *Id*. at 1380.  Like NuVasive, Dominion Dealer maintained that the Board erred in denying the reviews Dominion Dealer sought.  Here, the only difference is that instead of seeking mandamus to force the Board to institute an IPR on each proposed ground of unpatentability, NuVasive seeks to force institution of an IPR on the set of proposed grounds denied by the Board.  NuVasive Br. at 37-39.  But this Court held that "the relevant statutory provisions make clear that [it] may not hear an

appeal from the Director's decision not to institute an inter partes review,"

*Dominion Dealer*, 749 F.3d at 1380, and thus a petitioner "has no 'clear and

indisputable' right to challenge a non-institution decision directly in this court,

including by way of mandamus." *Id*. at 1381; *see also Allied Chem.*, 449 U.S. at

35 (petitioner has the burden to demonstrate that the "right to issuance of the writ

is clear and indisputable" (quotations omitted)).

### 2. *Cuozzo* Does Not Permit Mandamus Review Of The Director's Decision Not To Institute An IPR

*Cuozzo* does not allow a dissatisfied petitioner to obtain mandamus relief

from a decision denying institution of an IPR.  In fact, *Cuozzo* re-affirmed the

decision in *Dominion Dealer*.  *Cuozzo*, 2015 WL 4097949 at *4.  This Court in

*Cuozzo* simply suggested that review of a Board's "decision *to* institute" an IPR

*may* be sought after the Board's final decision, by mandamus or possibly by

converting an appeal to a writ for mandamus.  *Id*. (emphasis added).  To the extent

*Cuozzo* mentioned mandamus as a potential remedy, it simply suggested that

mandamus may *possibly* be used to get review of a Board's "decision to institute"

an IPR after the Board's final decision.  *Id*.  That is, *Cuozzo* merely addressed the

potential concern of a patentee who can establish that its patent claims should not

have been subject to an IPR at all.  Notably, *Cuozzo* did not actually "decide the

question" of whether a "decision to institute review is reviewable by mandamus,"

but simply discussed it as a possibility for a patentee who can establish—clearly

and indisputably—that its patent claims had been improperly subjected to an IPR. *Id*.

Here, NuVasive is not challenging the Board's decision *to* institute an IPR; rather, NuVasive challenges the Board's decision *denying* institution on a subset of its proposed grounds.  *See* NuVasive Br. at 35 (asking, as relief, for the Court to "send the case back to the Board for it to consider the grounds it has never reached").  As the Agency's regulations make clear, the Board's decision to institute an IPR on a subset of proposed grounds is in fact a decision not to institute on the denied grounds.  37 C.F.R. § 42.108(b).  The fact that NuVasive, unlike Dominion Dealer, got the Board to institute IPR on a portion of the grounds in its petition does not entitle NuVasive to mandamus relief that was unavailable to Dominion Dealer.  Accordingly, NuVasive has no "clear and indisputable right" to this Court's review with respect to the Board's non-institution decision and, therefore, NuVasive's mandamus petition should denied.  *Dominion Dealer*, 749 F.3d at 1380-81.

Moreover, *Cuozzo* never suggested that a petitioner would have any avenue of review via mandamus.  In short, there is no instance where a petitioner (like NuVasive) will ever have a right to a mandamus challenge to the Board's refusal to institute an IPR, as a petitioner has "no clear and indisputable right to challenge a non-institution decision" on a subset of proposed grounds of unpatentability.

36

*Cuozzo*, 2015 WL 4097949 at *4 (noting that in *Dominion Dealer,* this Court "held that mandamus relief was not available to challenge the denial of a petition for IPR" because "there was no clear and indisputable right to challenge a non-institution decision directly in this court, as required for mandamus") (internal quotation marks omitted).

Finally, NuVasive's allegation that the Board's decision not to institute on NuVasive's Michaelson '661-based grounds "implicates due process concerns and has potentially serious collateral consequences" (NuVasive Br. at 38) is unfounded.  NuVasive is not estopped from arguing any of the denied grounds in another venue.  Under the AIA, estoppel applies to "any ground that the petitioner raised or reasonably could have raised during that inter partes review."  35 U.S.C. § 315(e).  Since the denied grounds were never part of the IPR or the Board's final decision, estoppel under section 315(e) does not apply against NuVasive. Petitioners like NuVasive can still have their day in court—or possibly in another IPR—to raise non-instituted grounds of unpatentability.

**3.    Even If The USPTO's Decision Not To Institute An IPR Were Reviewable Via Mandamus, The Type Of Discretionary Decision Challenged By NuVasive Is Not Appropriate For Mandamus Review**

Even if the Board's decisions not to institute IPRs were reviewable in this court via mandamus—and they are not—NuVasive's petition must nevertheless be denied because it seeks review of a discretionary decision.  "The common-law writ

of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).  NuVasive does not point to any nondiscretionary duty that the Board failed to carry out.  As such, its mandamus petition cannot prevail.  *Id*.

The decision whether to institute an IPR at all is left to the USPTO's discretion.  *See* 35 U.S.C. § 314(a) (providing only when "[t]he Director may *not* authorize an inter partes review to be instituted") (emphasis added); *see also* AIA, § 6(c)(2)(B), 125 Stat. at 304 (permitting the Director to "impose a limit on the number of inter partes reviews that may be instituted" during the first four years of IPR); 157 Cong. Rec. S1377 (daily ed. Mar. 8, 2011) (statement of Sen. Kyl) (stating that the AIA embodies "a legislative judgment that it is better that the Office turn away some petitions that otherwise satisfy the threshold for instituting an inter partes or post-grant review than it is to allow the Office to develop a backlog of instituted reviews that precludes the Office from timely completing all proceedings").  Thus, the USPTO never has a "clear nondiscretionary duty" to institute an IPR.  *Heckler*, 466 U.S. at 616.  And mandamus is available to a plaintiff "only if the defendant owes him a clear nondiscretionary duty.'"  *Heckler*, 466 U.S. at 616.  NuVasive has not identified any such nondiscretionary duty.

NuVasive's request for mandamus relief must therefore be dismissed for this additional reason.

## VI.   CONCLUSION

For the foregoing reasons, this Court should decline NuVasive's call for this Court to order the USPTO to undertake an IPR on grounds other than those on which IPR2013-00206 was instituted.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td>July 14, 2015</td><td>/s/ Monica B. Lateef<br>THOMAS W. KRAUSE<br>Acting Solicitor</td></tr>
</table>

SCOTT C. WEIDENFELLER
Acting Deputy Solicitor

MONICA B. LATEEF
STACY B. MARGOLIES
Associate Solicitors

Office of the Solicitor – Mail Stop 8
U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
571-272-9035

*Attorneys for the Director of the*
*United States Patent and*
*Trademark Office*

## <u>RULE 32(a)(7)(C) CERTIFICATE OF COMPLIANCE</u>

I certify that the foregoing CORRECTED BRIEF FOR INTERVENOR –

DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE

complies with Fed. R. App. P. 32 (a)(7)(B) and Federal Circuit Rule 32 (b) and

contains 9,358 words.


<u>/s/ Monica B. Lateef</u>
Associate Solicitor

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2015, I electronically filed the foregoing CORRECTED BRIEF FOR INTERVENOR – DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE using the Court's CM/ECF filing system. Counsel for the Appellant was electronically served via e-mail per Fed. R. App. P. 25 and Fed. Cir. R. 25(a) and 25(b).

/s/ Monica B. Lateef

Associate Solicitor
U.S. Patent and Trademark Office
Mail Stop 8, P.O. Box 1450
Alexandria, VA 22313-1450
571-272-9035